Filed 7/29/15  P. v. Anderson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C078228 |
| Plaintiff and Respondent, | (Super. Ct. No. CM042033) |
| v. | |
| BENJEMIN JOSEPH ANDERSON, | |
| Defendant and Appellant. | |

Defendant Benjemin Joseph Anderson pleaded no contest to possession of a controlled substance in a jail facility.  (Pen. Code, § 4573.6, subd. (a).)[1]  During the sentencing hearing, the trial court orally imposed a mid-term sentence of three years in county prison.  However, the trial court's sentencing minute order and abstract of judgment reflect a four-year sentence.  On appeal, defendant contends the minute order and abstract of judgment must be corrected to accurately reflect the trial court's oral

---

[1] Undesignated statutory references are to the Penal Code in effect at the time of the charged offense.

1

pronouncement of judgment.  The People agree, and so do we.  Accordingly, we order the minute order and abstract of judgment corrected to be consistent with the trial court's oral pronouncement.

## PROCEDURAL AND FACTUAL BACKGROUND

Defendant was an inmate in the Butte County Jail.  During a strip search, correctional officers found a baggy containing 3.1 grams of marijuana in a secret pocket sewn into defendant's underpants.

Defendant was charged with one count of possession of contraband in jail (§ 4573.6, subd. (a)), and ultimately entered a no contest plea.

During the sentencing hearing, the trial court denied probation and stated:  "[T]he Court is going to -- for the crime of Penal Code section 4573.6(a) . . . I'm designating that the princip[al] term and imposing the mid term of 3 years in the county prison."[2] Thereafter, the trial court issued a sentencing minute order and abstract of judgment indicating that defendant had been sentenced to four years in county prison.  The sentencing minute order and abstract of judgment both characterize the four-year sentence as the "middle term."

## DISCUSSION

Defendant's sole contention on appeal is that the minute order and abstract of judgment do not reflect the actual sentence imposed.  He argues the minute order and abstract of judgment must be corrected to accurately reflect the trial court's oral pronouncement of sentence, and the People agree.

---

[2] Pursuant to Proposition 47, the trial court also reduced the Health and Safety Code section 11350 conviction for which defendant was serving time when he committed this offense to a misdemeanor and resentenced him to one year in the county jail to run concurrent to the new county prison sentence in this case.

2

"Where there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls." (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385; accord, *People v. Mesa* (1975) 14 Cal.3d 466, 471.)  Here, the oral pronouncement of a middle-term sentence of three years controls over the inconsistent and incorrect sentence set forth in the minute order and abstract of judgment.[3]  Accordingly, we order correction of the abstract of judgment so that it is consistent with the trial court's oral pronouncement.  (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

---

[3] As noted, the minute order and abstract of judgment both characterize the four-year sentence as the "middle term."  However, the sentencing triad for violations of section 4573.6 is two, three, or four years.  (§ 4573.6, subd. (a).)  Consequently, the trial court's written characterization of the four-year sentence as the "middle term" was incorrect.

3

**DISPOSITION**

The clerk of the superior court is directed to correct the sentencing minute order dated December 17, 2014, and abstract of judgment to correctly reflect the imposition of sentence as the middle term of three years.  The trial court is directed to deliver a certified copy of the corrected minute order and abstract of judgment to the County authority overseeing the operation of the County Jail.  In all other respects, the judgment is affirmed.


     MURRAY     , J.

We concur:


     BLEASE     , Acting P. J.


     ROBIE     , J.